IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **T.H.,** * | |
| A minor, by his mother * | |
| and next friend, * | |
| **SHARON HUNTER** * | |
| 1766 Mississippi Ave., SE * | |
| Washington, D.C. 20020 * | |
| * | |
| and * | |
| * | **Civil Action No:** |
| **SHARON HUNTER** * | |
| 1766 Mississippi Ave., SE * | |
| Washington, D.C. 20020 * | |
| Plaintiffs * | |
| * | |
| v. * | |
| * | |
| **GOV. OF DISTRICT OF COLUMBIA** * | |
| A municipal corporation, * | |
| 1350 Pennsylvania Ave., N.W. * | |
| Washington, D.C. 20004 * | |
| * | |
| Serve on: * | |
| Attorney General of D.C. * | |
| Attn: Janice Stokes or Darlene Fields* | |
| One Judiciary Square * | |
| 441 4th Street, N.W., Suite 600 * | |
| Washington, D.C. 20001 * | |
| * | |
| and * | |
| * | |
| Mayor Adrian Fenty * | |
| Office of the Secretary * | |
| Attn: Gladys Herring or Designee * | |
| 1350 Pennsylvania Avenue, Ste. 419 * | |
| Washington, DC 20004 * | |

|  |  |
|---|---|
|  | * |
| **CLIFFORD B. JANEY** | * |
| The Superintendent, | * |
| District of Columbia Public Schools | * |
| 825 North Capitol Street, NE | * |
| Washington, D.C. 20002 | * |
| Defendants(s) | * |

*************************************

## COMPLAINT

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2.      T.H. is a fourteen-year old child with a disability in the custody of his mother, Sharon Hunter in the District of Columbia, and has been determined eligible as a multiply disabled student by DCPS pursuant to IDEIA and section 504. The mother brings this action on his behalf and in their own right.

3.      The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS).  DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and section 504.

4.      Clifford B. Janey is the Superintendent of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are

2

respected.

## FACTS

5.      T.H. is a 14-year old student who has been determined to need special education by DCPS and his IEP calls for 26.5 hours of special education services.

6.      T.H. attended Green ES for his elementary years and attended Johnson Junior High School.

7.      His 11/04/04 IEP reflects 27.5 hours of special education services but the 10/25/06 IEP reflects 26.5 hours even though he regressed academically.

8.      On 06/19/06, a HOD was issued which ordered that DCPS complete a psycho-educational evaluation no later than 06/30/06 or else the parent would have the right to an independent evaluation and within 10 business days of completion or receipt of the evaluation, DCPS is to convene a meeting to review the evaluations, review and revise T.H.'s IEP, discus and determine placement and develop a compensatory education plan if necessary.  It also ordered that scheduling of the meeting was to be through parent's counsel.

9.      On 09/18/06, an independent psycho-educational evaluation was completed because DCPS did not complete the evaluation by 06/30/06.

10.     On 10/09/06, the parent's advocate forwarded the independent evaluation to DCPS.

11.     On 10/18/06, DCPS forwarded their psycho-educational evaluation completed on 08/30/06.

12.     On 11/04/04, DCPS completed an IEP (TH-03) for T.H. which indicated on the second page his math calculation standardized score = 77; his math reasoning standardized score = 79; his reading comprehension standardized score = 56; his reading basic standardized score = 56; and his written expression standardized score = 58.  However, the 08/30/06 psycho-educational evaluation (TH-31) that DCPS completed found that his math calculation standardized score = 58 (19-point regression from 2004); his math reasoning standardized score = 47 (32-point regression

3

from 2004); his reading comprehension standardized score = 40 (16-point regression from 2004); his reading basic standardized score = 42 (14-point regression from 2004); and only the written expression remained basically the same with standardized score of 61.

13. On 10/23/06, two years after the completion of the 11/04/04 IEP, the parent attended an MDT/IEP meeting with her advocate and during that meeting the team decided to carry T.H.'s old goals from his 2004 IEP over to the new IEP because he had not made progress on those goals. Although the parent requested a new placement since T.H. was not progressing, DCPS denied the parent's request. However, DCPS denied that he was not making any progress even though the goals have remained the same from the 2004 IEP to the 2006 IEP.

14. During the 10/23/06 meeting, the parent through her advocate requested that DCPS provide the encounter tracker forms to show that all his related services were being provided and requested the Functional Behavior Assessment (FBA) and Vineland that the 09/18/06 psycho-educational evaluation recommended. However, the encounter tracker forms were not provided and the evaluations were not completed.

15. According to 34 CFR §300.304©(4), "each public agency must ensure that the child is assessed in all areas related to the suspected disability . . . " However, DCPS did not complete the FBA and Vineland even though there was a suspected disability of MR due to his low IQ score. 34 CFR §300.301(b) provides the parent with the right to request initial evaluations and as such she was allowed under law to request the FBA and Vineland.

15. During the meeting DCPS did not have a clinical psychologist to review the independent clinical psychological evaluation and they refused to review the psycho-educational evaluation completed by the parent. Therefore, DCPS held a meeting without all the appropriate parties and completed an IEP without reviewing all the available evaluations, making the IEP inappropriate.

16. According to 20 USC §1414(d)(3)(A)(iii), "in developing each child's IEP, the IEP Team, . . . shall consider the results of the . . . most recent evaluation of the child." Under 34

CFR §300.305, (a)(1)(i), ". . . as part of any reevaluation under this part, the IEP Team and other qualified professionals . . . must review existing evaluation data on the child, including evaluations and information provided by the parents of the child." However, DCPS did not review the parent's independent evaluations. According to 34 CFR §300.321(a)(5), "the public agency must ensure the IEP team for each child with a disability includes an individual who can interpret the instructional implications of evaluation results, . . ." However, DCPS did not have a clinical psychologist who would be qualified to interpret a clinical psychological.

17. As a result of all the above violations and denials of appropriate services, the parent through counsel filed a due process complaint alleging that DPCS failed to adhere with the 06/19/06 HOD, failed to evaluate T.H. in all areas of suspected disability, failed to convene an appropriate IEP meeting with the appropriate team members, failed to provide T.H. with an appropriate placement, appropriate IEP, services, compensatory education and failed to provide the requested encounter tracker forms or evaluations.

18. On 01/11/07, the hearing was convened and for the hearing, the parent through counsel disclosed as evidence to include but not limited to the psychological and psycho-educational evaluations indicated above, report cards indicating his failing grades, Stanford Nine scores indicating below level performance and the 10/25/06 Prior to Action Notice (TH-26-back of the IEP and notes) which indicated that the student was to receive "out of general education setting" and in the Description and Explanation of agency action proposed or refused section of the notice it indicates that "the MDT proposes the out of general education setting."

19. During the hearing, parent's counsel argued that DCPS did not provide the student with an appropriate placement for two years because it was clear by the evaluations completed by DCPS that T.H. had shown extreme academic regression and as a result, the placement, IEP and services were not appropriate and were not providing him with educational benefit and as such that was a denial of a Free Appropriate Public Education (FAPE).

20. According to 20 U.S.C. §1415(f)(3)(E), "... a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." In this case, T.H. regressed severely and as such he did not receive educational benefit and so was denied a FAPE. According to <u>Florence County School District Four, et al. v. Shannon Carter</u>, 510 U.S. 7, 'when a public school system had defaulted on its obligations under the Act, a private school placement is "proper under the Act" if the education provided by the private school is "reasonably calculated to enable the child to receive educational benefits."' As a result, since T.H. did not make any progress but regressed, the hearing officer could have placed him.

21. During the hearing the mother testified to the fact that T.H.'s self esteem was being harmed because he was being removed from the general education classroom and taken to special education and as a result, she has informed the school that she felt he would do well in a full time special education placement because everyone would be in special education and his self-esteem would not be affected. She also testified that T.H. was scared because of threats and teasing from other students. T.H. did not feel safe at Johnson JHS and as a result was afraid to attend school.

22. According to 34 CFR §300.116(d), "in determining the educational placement of a child with a disability, . . . each public agency must ensure that in selecting the LRE, consideration is given to any potential harmful effect on the child or on the quality of services the he or she needs." In this case, although the parent informed the team of her concerns for her son's safety, DCPS did not consider the harmful effects when deciding he is to remain at Johnson JHS.

23. During the said hearing, DCPS did not provide any documentation to show any academic or emotional progress that would have contravened the clear documentation of regression nor did they provide any testimony or documentation to contravene the fact that their Prior to Action Notice clearly placed him in an out of general education setting.

24. On 01/16/07, the hearing officer issued a hearing officer's determination (HOD) in which

he dismissed the claim against DCPS even though DCPS had not presented any evidence to counter the allegations and the facts on the record and have not provided T.H. with the out of general education setting that their Prior to Action Notice indicates T.H. is to receive.

25. In the HOD, the hearing officer made erroneous findings of fact and conclusions of law. In his fact section, the hearing officer erroneously represented the parent's concerns with the student's provision of services in a combination setting because her concern was not because she wanted him in general education setting but because she wanted him in a full time special education program.

## COUNT I

26. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

27. Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

28. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

29. Defendants violated IDEIA and denied Plaintiff a FAPE when they failed to adhere to the 06/19/06 HOD.

## COUNT III

30. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

31. Defendants violated IDEIA by not completing appropriate evaluations of the student and failing to evaluate him in all areas of suspected disability.

## COUNT IV

32. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

33. Defendants violated IDEIA by not providing the encounter tracker forms to show that T.H. was receiving his related services.

## COUNT V

7

34. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

35. Defendants violated IDEIA by not providing T.H. with an appropriate placement for over two years.

## COUNT VI

36. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

37. Defendants violated IDEIA by not providing T.H. with appropriate special education and related services and all his related services.

## COUNT VII

38. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

39. The hearing officer erred in his analysis of the mother's concern that the student was in combination general education and special education setting.

## COUNT VIII

40. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

41. The hearing officer erred in his decision to dismiss the case without taking into consideration the fact that the student had severely regressed academically and emotionally or taking into consideration the potential harm to the student.

## COUNT IX

42. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

43. The hearing officer erred in his decision to dismiss the case against DCPS without proof of provision of a FAPE to the student.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for plaintiffs and against defendants on all aforementioned counts;

2. Issue appropriate injunctive relief requiring defendants DCPS to issue a PNOP placing and funding T.H. at High Road including transportation;

3. Issue an order awarding compensatory education to the plaintiff against DCPS;

4. Order that the January 16, 2007 Hearing Officer's Determination be reversed, finding denial of a free, appropriate, public education by DCPS;

5. Award plaintiffs attorneys' fees and the costs of this action and of those relating to the due process hearing; and

6. Award any other and further relief the Court deems just and proper.

                                      Respectfully submitted,
                                      THE IWEANOGES' FIRM P.C.

                        By:_____/s/JudeIweanoge/s/_____
                               Jude C. Iweanoge, Bar #493241
                               IWEANOGE LAW CENTER
                               1026 Monroe Street, NE
                               Washington, D.C. 20017
                               Phone: (202) 347-7026
                               Fax: (202) 347-7108
                               Email: jci@iweanogesfirm.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

695
C/ ESH

## I (a) PLAINTIFFS
T.H., ET AL

## DEFENDANTS
District of Columbia, et. al.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88
(EXCEPT IN U.S. PLAINTIFF CASES) 10001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jude C. Iweanoge, Esq.
1026 Monroe Street, NE
Washington, DC  20017

**ATTORNEYS (IF KNOWN)**

Case: 1:07-cv-00695
Assigned To : Huvelle, Ellen S.
Assign. Date : 4/16/2007
Description: NORRIS v. DC et al.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⊙ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 4/16/07   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.