## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                  :

**SHARON HUNTER, et al.,**         :
                                  :

       **PLAINTIFFS**          :
                                  :     **Civ. Action No. 07-695(ESH)**

         **v.**               :
                                  :

**DISTRICT OF COLUMBIA, et al.,**  :
                                  :

       **DEFENDANTS.**       :
_____

### DEFENDANTS' ANSWER TO COMPLAINT

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1.  Defendants admit the existence of the cited statutes and D.C. Municipal Regulation.  The remaining allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

2.  Admitted that T.H. is in the custody of his mother, Sharon Hunter, is a resident of the District of Columbia, and has been determined eligible as a multiply disabled student by the District of Columbia Public Schools ("DCPS").  Denied that T.H. is fourteen years old.  The remaining allegation in sentence one is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.  Sentence two is a characterization of the action by the pleader to which no response is required.  If a response is required, then the same is denied.

3.  Admitted.

4.  Denied.

5.  Admitted that T.H. has been determined to need special education by DCPS. Denied that T.H. is fourteen years old.  Defendants lack knowledge and information sufficient to enable them to answer the remaining allegation at this time.

6.  Admitted that T.H. attended Johnson Junior High School.  Defendants lack knowledge and information sufficient to enable them to answer the remaining allegation at this time.

7.  Defendants lack knowledge and information sufficient to enable them to answer these allegations at this time.

8.  The June 19, 2006 Hearing Officer's Determination ("HOD") speaks for itself. These allegations are the pleader's interpretation of the HOD to which no response is required.  If a response is required, then the same are denied.

9.  Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

10. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

11.  Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

12.  Defendants lack knowledge and information sufficient to enable them to answer these allegations at this time.

13.  The Multidisciplinary Team/Individualized Educational Program ("MDT/IEP") meeting notes speak for themselves.  These allegations are the pleader's recollection of what occurred during the MDT/IEP meeting to which no response is required.  If a response is required, then the same are denied.

14.  The MDT/IEP meeting notes speak for themselves.  These allegations are the pleader's recollection of what occurred during the MDT/IEP meeting to which no response is required.  If a response is required, then the same are denied.

15.  Defendants acknowledge the existence of the cited statutes which speak for themselves.  Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

16.  Defendants acknowledge the existence of the cited statutes which speak for themselves.  Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

17.  The due process complaint speaks for itself.  These allegations are the pleader's rationale for filing the due process complaint and his interpretation of the due process complaint to which no response is required.  If a response is required, then the same are denied.

18.  The administrative record and the hearing transcripts speak for themselves.  These allegations are the pleader's recollection of what occurred during the due process hearing to which no response is required.  If a response is required, then the same are denied.

19.  The administrative record and the hearing transcripts speak for themselves.  These allegations are the pleader's recollection of what occurred during the due process hearing to which no response is required.  If a response is required, then the same are denied.

20.  Defendants acknowledge the existence of the cited statute and case which speak for themselves.  The remaining allegations are conclusions of law and/or of the

pleader to which no response is required.  If a response is required, then the same are denied.

21.  The hearing transcript speaks for itself.  These allegations are the pleader's recollection of what occurred during the due process hearing to which no response is required.  If a response is required, then the same are denied.

22.  Defendants acknowledge the existence of the cited statute which speaks for itself.  The remaining allegation is the pleader's interpretation of Defendants' actions to which no response is required.  If a response is required, then the same is denied.

23.  The administrative record and hearing transcript speak for themselves. These allegations are the pleader's recollection of what occurred during the due process hearing to which no response is required.  If a response is required, then the same are denied.

24.  The January 16, 2007 HOD speaks for itself.  The remaining allegations are the pleader's interpretation of the HOD to which no response is required.  If a response is required, then the same are denied.

25.  The January 16, 2007 HOD speaks for itself.  The remaining allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

26.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 25.

27.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

28. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 25.

29. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

30. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 25.

31. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

32. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 25.

33. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

34. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 25.

35. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

36. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 25.

37. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

38. In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 25.

39.   This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

40.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 25.

41.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

42.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 25.

43.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The complaint fails to state a claim upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The Plaintiffs have failed to exhaust their administrative remedies.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

Respectfully submitted,

LINDA SINGER
Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

Civil Litigation Division

*/s/ Edward P. Taptich_____*
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

*/s/ Veronica A. Porter_____*
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**August 8, 2007**