UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SHARON HUNTER, et al.,    :
                          :
    PLAINTIFFS            :
                          :   Civ. Action No. 07-695(JMF)
    v.                    :
                          :
DISTRICT OF COLUMBIA, et al.,  :
                          :
    DEFENDANTS.           :
_____

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

Defendants, by counsel, reply herewith to the "Plaintiffs' Opposition to Defendants' Motion for Partial Dismissal," filed September 22, 2007 ("Opposition").

In their August 9, 2007 "Memorandum of Points and Authorities in Support of Defendants' Motion for Partial Dismissal of Complaint" ("Motion"), Defendants argued that the complaint was legally deficient in two respects: (1) to the extent the Complaint asserted rights under 42 U.S.C. §1983, Plaintiffs failed to state a claim for which relief can be granted; and (2) to the extent the Complaint asserted rights under 29 U.S.C. §794, Plaintiffs failed to state a claim for which relief can be granted.

### ARGUMENT

**I. Section 1983 Claims**

In their motion, Defendants set out clear precedent establishing the character of allegations in complaints necessary to withstand a motion to dismiss for failure to state a

1

claim under §1983. *Motion, pp. 3-5.* Plaintiffs' Opposition does not refute this precedent.

Plaintiffs have plucked a phrase from Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 70-71 (1992)—"absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to the federal statute"—to persuade the Court that dismissal of the Complaint's §1983 claims would be improper. Since Congress did not intend the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §1400 et seq., to bar claims under §1983, Plaintiffs' argue, the §1983 claims should stand. *Opposition, p. 3.* Plaintiffs have missed the thrust of Defendants' position.

Defendants' position is that Plaintiffs §1983 claims should be dismissed **not** because IDEIA bars §1983 claims, but because Plaintiffs' Complaint does not satisfy the four-part test established in Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001).

Plaintiffs also rely on Olson v. Robinsdale Area Schools, 2004 WL 1212081 (D.Minn. 2004), to support their §1983 claims. *Opposition, p. 4.* However, Plaintiffs have misconstrued the Olson decision. In Olson, a hearing officer had ordered the school district to determine how a student could participate in the graduation ceremonies. The school district did not comply, and the Olsons brought an action to pursuant to IDEIA and §1983 to enforce the hearing officer's decision. The Olson court denied the IDEIA claim because IDEIA permits aggrieved parties to appeal a hearing officer's decision, but does not contemplate an action to *enforce* an administrative decision. However, the

2

Olson court did find the §1983 claim appropriate because the Olsons were seeking to **enforce** a hearing officer's decision, and were not challenging the **merits** of the decision.

In this case, however, Plaintiffs **are** challenging the merits of a Hearing Officer's Determination ("HOD"). Therefore, Plaintiffs claims are more appropriately brought pursuant to IDEIA and not §1983.

Plaintiffs also rely on Atchinson v. District of Columbia, 73 F.3d. 418 (D.C. Cir. 1996), to support their §1983 claims. Defendants agree that the Court of Appeals in Atchinson found that the plaintiff should not be held to a heightened pleading standard, and that it was enough that the plaintiff allege facts that would reasonably suggest misconduct. Nevertheless, Atchinson does not help Plaintiffs in the case herein, because in this case Plaintiffs have alleged **no** facts to support a §1983 claim.

Plaintiffs' §1983 claims are inadequate. Accordingly, with respect to any §1983 claims, the Complaint must be dismissed.

**II.    Section 504 Claims**

Plaintiffs argue that since the court in Walker v. District of Columbia, 969 F.Supp. 794 (D.C. 1997), held that the plaintiff had a §504 claim because the student did not receive special education services, the Plaintiffs herein also have a §504 claim. Plaintiffs' reasoning is plainly wrong.

> "In order to show a violation of the Rehabilitation Act, something more than a mere failure to provide the "free and appropriate education" required by the [IDEA] must be shown.'" Lunceford v. District of Columbia Board of Education, 745 F.2d 1577, 1580 (D.C.Cir.1984) (quoting Monahan v. Nebraska, 687 F.2d 1164, 1170 (8th Cir.1982)). "[E]ither bad faith or gross misjudgment must be shown before a Section 504 violation can be made out...." Monahan v. Nebraska, 687 F.2d at 1170-71

Walker v. District of Columbia, 969 F.Supp. 794, 797 (D.D.C. 1997).

3

In Walker, the Court found that that plaintiffs alleged sufficient facts to raise a genuine dispute over whether the school district exercised gross misjudgment, and referenced five paragraphs in the complaint where these facts were alleged. In contrast, the Complaint herein contains no specific facts to sustain a §504 claim. Rather, the Complaint herein merely states "Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEIA and section 504." *See Complaint filed herein April 16, 2007, para. 27.*

Plaintiffs' Complaint makes no mention of either bad faith or gross misjudgment. Accordingly, Plaintiffs' §504 claim must fail as a matter of law.

## **CONCLUSION**

For the foregoing reasons, and for reasons discussed in previous filings, Defendants' Motion must be granted and Plaintiffs' Complaint—to the extent that claims are based on §1983 and §504—must be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

        */s/ Veronica A. Porter*
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**September 26, 2007**