IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARON HUNTER, et al | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | **Civ. Acton No. 07-695(JMF)** |
| | * | |
| | * | |
| DISTRICT OF COLUMBIA, et al | * | |
|     Defendants | * | |

**************************************

## MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiffs, T.H. and Sharon Hunter, by and through their attorneys Fatmata Barrie and The Law Offices of Christopher N. Anwah, PLLC, hereby moves this Honorable Court for summary judgment in favor of the Plaintiff as to all counts. As reasons therefore, Plaintiffs will establish that there exist no triable issues of material fact and that Plaintiffs are entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support thereof, Plaintiffs, incorporate by reference the attached Memorandum of Points and Authorities.

WHEREFORE, Plaintiffs pray this Honorable Court to grant this Motion and enter summary judgment in favor of Plaintiffs as to all counts of the complaint.

                                              Respectfully submitted
                                              LAW OFFICES OF CHRISTOPHER N.
                                              ANWAH, PLLC

                        By:      */s/FatmataBarrie/s/*
                                                Fatmata Barrie, Bar #485122
                                              LAW OFFICES OF CHRSTOPHER N.
                                              ANWAH, PLLC
                                              10 R Street, NE
                                              Washington, D.C. 20002
                                              Phone: (202) 626-0040
                                              Fax: (202) 626-0048
                                              Email: fbarrie@verizon.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON HUNTER, et al      *
      Plaintiffs            *
                            *
v.                        *   Civ. Action No. 07-695 (JMF)
                            *
                            *
DISTRICT OF COLUMBIA, et al *
      Defendants(s)         *
*************************************

**MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

For reasons set forth herein, Plaintiffs are entitled to summary judgment as to all counts. The undisputed material facts of this case will establish, inter alia, that (i) DCPS failed to comply with a June 19, 2006 Hearing Officer's Determination (hereinafter "HOD"); (ii) DCPS failed to complete appropriate evaluations of the student and failed to evaluate him in all areas of suspected disability; (iii) DCPS failed to provide T.H. with an appropriate placement for over two years; (iv) DCPS failed to provide T.H. with appropriate IEP, special education and related services and all his related services; (v) The hearing officer erred in not considering the student's regression in deciding the case.

On these controlling points there exist no genuine issue of material facts and accordingly, Plaintiffs are entitled to summary judgment as a matter of law.

**BACKGROUND FACTS**

On June 19, 2006 a Hearing Officer's Determination (HOD) was entered which *inter alia* ordered DCPS to complete a psycho-educational evaluation or the parent had the right to an independent evaluation and the DCPS is to convene a meeting within 10 business days of completion or receipt of the evaluation. (AR.206-210) DCPS failed to comply with the June 19,

2006 HOD because DCPS did not complete the evaluation nor hold the meeting within the appropriate time.  Additionally, although T.H.'s 11/04/04 IEP called for 27.5 hours of special education hours (AR 26-33; AR 291-298) his 10/25/06 IEP (AR 167-194) showed reduced hours of 26.5 hours even though he was regressing.  Furthermore, although he showed immense regression, DCPS did not place him in a full time placement nor did they provide him with the intensive services he needed.

On 11/04/04, DCPS completed an IEP (AR 26-33; AR 291-298) for T.H. which indicated on the second page his math calculation standardized score = 77; his math reasoning standardized score = 79; his reading comprehension standardized score = 56; his reading basic standardized score = 56; and his written expression standardized score = 58.  However, the 08/30/06 psycho-educational evaluation (AR 218-222) that DCPS completed found that his math calculation standardized score = 58 (19-point regression from 2004); his math reasoning standardized score = 47 (32-point regression from 2004); his reading comprehension standardized score = 40 (16-point regression from 2004); his reading basic standardized score = 42 (14-point regression from 2004); and only the written expression remained basically the same with standardized score of 61.

Therefore, the parent filed a new due process complaint for DCPS' failure to comply with the June 19, 2006 HOD and for the myriad of violations including the failure to provide the appropriate services, IEP, and placement.  (AR 13-20) As a result of this complaint, a hearing was held on 01/11/07 in which the parent's attorney argued, *inter alia*, that the student has regressed and presented to the hearing officer with evidence of the immense regression experienced by T.H.  Although there is abundant amount of evidence to show the clear regression, DCPS failed to admit and provide him with the services he so desperately needed to progress academically.

**STATEMENT OF UNDISPUTED FACTS**

1.      T. H. is an African American male residing in the District of Columbia born on June 17, 1992.

2.      T.H. attended Green ES for his elementary years and attended Johnson Junior High School.

3.      His 11/04/04 IEP reflects 27.5 hours of special education services but the 10/25/06 IEP reflects 26.5 hours (AR 26-33; AR 291-298).

4.      On 06/19/06, a HOD was issued which ordered that DCPS complete a psycho-educational evaluation no later than 06/30/06 or else the parent would have the right to an independent evaluation and within 10 business days of completion or receipt of the evaluation, DCPS is to convene a meeting to review the evaluations, review and revise T.H.'s IEP, discus and determine placement and develop a compensatory education plan if necessary.  It also ordered that scheduling of the meeting was to be through parent's counsel.
 (AR 206-210).

5.       On 09/18/06, an independent psycho-educational evaluation was completed because DCPS did not complete the evaluation by 06/30/06.  (AR. 197-205).

6.      On 10/09/06, the parent's advocate forwarded the independent evaluation to DCPS.

7.      On 10/18/06, DCPS forwarded their psycho-educational evaluation completed on 08/30/06.  (AR. 223-226).

8.      On 10/23/06, two years after the completion of the 11/04/04 IEP, the parent attended an MDT/IEP meeting with her advocate and during that meeting the team decided to carry T.H.'s old goals from his 2004 IEP over to the new IEP because he had not made progress on those goals.  Although the parent requested a new placement since T.H. was not progressing, DCPS

denied the parent's request. However, DCPS denied that he was not making any progress even though the goals have remained the same from the 2004 IEP to the 2006 IEP. (AR.167-194)

9.  During the 10/23/06 meeting, the parent through her advocate requested that DCPS provide the encounter tracker forms to show that all his related services were being provided and requested the Functional Behavior Assessment (FBA) and Vineland that the 09/18/06 psycho-educational evaluation recommended. However, the encounter tracker forms were not provided and the evaluations were not completed. (AR.167-194).

10. During the meeting DCPS did not have a clinical psychologist to review the independent clinical psychological evaluation and they refused to review the psycho-educational evaluation completed by the parent. Therefore, DCPS held a meeting without all the appropriate parties and completed an IEP without reviewing all the available evaluations, making the IEP inappropriate. (AR.167-194).

11. As a result of all the above violations and denials of appropriate services, the parent through counsel filed a due process complaint alleging that DPCS failed to adhere with the 06/19/06 HOD, failed to evaluate T.H. in all areas of suspected disability, failed to convene an appropriate IEP meeting with the appropriate team members, failed to provide T.H. with an appropriate placement, appropriate IEP, services, compensatory education and failed to provide the requested encounter tracker forms or evaluations. (AR 13-20).

12. On 01/11/07, the hearing was convened and for the hearing, the parent through counsel disclosed as evidence to include but not limited to the psychological and psycho-educational evaluations indicated above, report cards indicating his failing grades, Stanford Nine scores indicating below level performance and the 10/25/06 Prior to Action Notice (TH-26-back of the IEP and notes) which indicated that the student was to receive "out of general education setting"

5

and in the Description and Explanation of agency action proposed or refused section of the notice it indicates that "the MDT proposes the out of general education setting."

13.	During the hearing, parent's counsel argued that DCPS did not provide the student with an appropriate placement for two years because it was clear by the evaluations completed by DCPS that T.H. had shown extreme academic regression and as a result, the placement, IEP and services were not appropriate and were not providing him with educational benefit and as such that was a denial of a Free Appropriate Public Education (FAPE).

14.	At the hearing the mother testified to the fact that T.H.'s self esteem was being harmed because he was being removed from the general education classroom and taken to special education and as a result, she has informed the school that she felt he would do well in a full time special education placement because everyone would be in special education and his self-esteem would not be affected. She also testified that T.H. was scared because of threats and teasing from other students. T.H. did not feel safe at Johnson JHS and as a result was afraid to attend school.

15.	During the said hearing, DCPS did not provide any documentation to show any academic or emotional progress that would have contravened the clear documentation of regression nor did they provide any testimony or documentation to contravene the fact that their Prior to Action Notice clearly placed him in an out of general education setting.

16.	On 01/16/07, the hearing officer issued a hearing officer's determination (HOD) in which he dismissed the claim against DCPS even though DCPS had not presented any evidence to counter the allegations and the facts on the record and have not provided T.H. with the out of general education setting that their Prior to Action Notice indicates T.H. is to receive. (AR 2-8).

## ARGUMENT
## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered for the moving party when there is no genuine issue of material fact. In ruling on a motion for summary judgment, the trial court addresses two issues: (1) whether the pleading, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine dispute as to any material fact and (2) whether the movant is entitled to judgment as a matter of law. In addition, inferences to be drawn from underlying facts must be viewed in the light most favorable to the opposing party, and even if it is unlikely that the opposing party will not prevail at trial. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

In decision interpreting Rule 56, the United States Supreme Court has disapproved any continued reluctance by trial courts to grant summary judgment in appropriate cases stating:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the [rules of procedure] which are designed "to secure the just, speedy and inexpensive determination of every action."

*Celotex Corp. v. Cartarett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986)(citations omitted).

The IDEA provides for judicial review in state and federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. See 20 U.S.C. §1415(i)(2)(A).  20 U.S.C. §1415(e)(2) states that "the court shall review the records of the administrative proceedings, shall hear additional evidence at the request of the party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." District Court's review of a challenge to an administrative ruling brought under the Individuals with Disability Education Act (IDEA) base its decision on "preponderance of the evidence" in exercising its independent judgment at arriving at an appropriate placement and

7

programming decision. 20 U.S.C. §1415(i)(2)(B); See Lenn v. Portland School Committee, 998 F.2d 1083 (1st Cir. 1993).

The district court reviewing an HOD should "defer to the hearing officer's factual findings based on credibility judgment unless the non-testimonial, extrinsic evidence on the record would justify a contrary conclusion." S.H. v. State-Operated School Dist. Of the City of Newark, 336 F.3d 260, 269-71 (3rd Cir. 2003) (citations omitted).

### A.  THE COURT SHOULD REVERSE THE HEARING OFFICER'S DETERMINATION THAT DISMISSED THE CASE EVEN THOUGH DCPS DID NOT COMPLY WITH THE 06/09/06 HOD

Pursuant to the Consent Decree entered in Blackman v. District of Columbia, Civil Action No. 97-1629 (D.D.C. Aug. 24, 2006), there is a rebuttable presumption of harm when a student is denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs. (Blackman/Jones Consent Decree, ¶ 74 at 39). In the instant case, DCPS failed to rebut this presumption of harm but yet the Hearing Officer dismissed Plaintiffs complaint based on his erroneous interpretations of the facts and failure to take into consideration the student's academic regression. According to the 06/19/06 HOD, DCPS was to convene a meeting within ten (10) business days upon receipt or completion of the psycho-educational evaluation. *AR at 206-210*. Nonetheless, DCPS did not do so but met after the ten business days. As a result, the student did not have an appropriate IEP because the team did not meet on time. In fact, the DCPS psychological evaluation completed on 08/31/06 clearly delineated his academic deficiencies and his regressions and as a result he needed the one-on-one support that he would have received if DCPS had complied with the HOD and taken into consideration the regression shown between 2004 and 2006. *AR at 218-222*

Furthermore, where a school district has refused to implement a hearing officer's decision, courts generally find irreparable harm. *See e.g.*, *Olson, et al. v. Robinsdale Area Schools, et al.*, *2004 U.S. Dist. LEXIS 9858 (D. Minn. 2004)*; *Kantak v. Board of Educ., Liverpool Central School Dist.*, *1990 U.S. Dist. LEXIS 20986, 1990 WL 36803, at 2 (N.D.N.Y. 1990)* (holding that the "continued deprivation of the service . . . determined to be necessary to serve [the] individual education requirements . . . produce(s) a sufficient injury"). The "injury is actual and imminent because [the student] is currently being deprived of the free appropriate public education to which [he or] she is entitled under the IDEA." *Olson, et al v. Robinsdale Area Schools, et al* 2004 U.S. Dist. LEXIS 9858 at n8 (*citing* *A.T. v. New York State Educ. Dept.*, *1998 U.S. Dist. LEXIS 23275, 1998 WL 765371, at \*10 (E.D.N.Y. 1998)*)).

The right to have a hearing officer's decision carried out is a right "secured by the laws of the United States." *Robinson v. Pindwerhughes*, *810 F.2d 1270, 1275 (4th Cir. 1987)*. Additionally, a hearing officer's decision, save for appeal, "shall be final." 20 U.S.C. § 1415(i)(1)(A). Therefore, T.H.'s right to have the order carried out in it's entirety was violated and as a result, the recommendations in the parent's independent evaluation.

In the instant case, T.H. was harmed because DCPS did not comply with the 06/09/06 HOD and when they did hold the meeting, they still did not comply because they did not review the parent's independent psycho-educational. In fact, they refused to comply because they had the evaluation in their possession and yet failed to review it even though the advocate and parent requested that the evaluation be reviewed. *AR at 167-194* According to 20 USC §1414(d)(3)(A)(iii), "in developing each child's IEP, the IEP Team, . . . shall consider the results of the . . . most recent evaluation of the child." Under 34 CFR §300.305, (a)(1)(i), ". . . as part of any reevaluation under this part, the IEP Team and other qualified professionals . . . must review existing evaluation data on the child, including evaluations and information provided by

9

the parents of the child." However, DCPS did not review the parent's independent evaluations. According to 34 CFR §300.321(a)(5), "the public agency must ensure the IEP team for each child with a disability includes an individual who can interpret the instructional implications of evaluation results, . . ." However, DCPS did not have a clinical psychologist who would be qualified to interpret a clinical psychological. *AR at 167-194*

### B. THE COURT SHOULD REVERSE THE DETERMINATION BY THE HEARING OFFICER'S DETERMINATION THAT T.H.'s PLACEMENT WAS APPROPRIATE.

According to the <u>Bd. of Educ. of Hendrick Hudson Central Sch. Dist., v. Rowley</u>, 458 U.S. 176; 102 S. Ct. 3034, Free Appropriate Public Education (FAPE) must provide the child with meaningful acess to educational process and the education must be reasonably calculated to confer some educational benefit. However, in th instant case, T. H. was not able to receive "some educational" benefit because according to his testing completed by DCPS, he regressed in all subject areas ranging from 14 to 32 point regression. In <u>Reusch v. Fountain,</u> 872 F. Supp. 1421, 1425 (D. Md. 1994) the benefit conferred to the student has to amount to more than just a trivial progress. In this case, T.H. did not even have the trivial progress because the record is clear that he regressed tremendously. In fact according to the second page of his 11/04/04, DCPS completed IEP *AR at 26-33; AR at 291-298* his math calculation standardized score = **77**; his math reasoning standardized score = **79**; his reading comprehension standardized score = **56**; his reading basic standardized score = **56**; and his written expression standardized score = **58**. However, the 08/30/06 psycho-educational evaluation that DCPS completed *AR at 218-222* found that his math calculation standardized score = **58 (19-point regression from 2004)**; his math reasoning standardized score = **47 (32-point regression from 2004)**; his reading comprehension standardized score = **40 (16-point regression from 2004)**; his reading basic

standardized score = **42 (14-point regression from 2004)**; and only the written expression remained basically the same with standardized score of 61. As a result, clearly showing lack of any educational benefit much less "some educational" benefit as required under Rowley. Therefore, DCPS denied him a FAPE.

A placement is appropriate if (1) the LEA has complied with IDEA's administrative procedures and (2) the IEP generated by MDT was reasonably calculated to provide educational benefit. Schoenbach v. District of Columbia, 309 F. Supp. 2d 71, 2004 U.S. Dist. LEXIS 38667 (D.D.C., 2004). In this case, the DCPS did not comply with the administrative procedures because they did not review all the available evaluations and as a result did not complete the IEP with input from the parent. Additionally, the IEP is obviously not calculated to provide educational benefit as the student has regressed terribly and the student's IEP hours were reduced with no conceivable reason for the reduction. Therefore, the placement is not appropriate and the DCPS has denied him a FAPE.

According to 20 U.S.C. §1415(f)(3)(E), ". . . a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." In this case, T.H. regressed severely and as such he did not receive educational benefit and so was denied a FAPE. According to Florence County School District Four, et al. v. Shannon Carter, 510 U.S. 7, 'when a public school system had defaulted on its obligations under the Act, a private school placement is "proper under the Act" if the education provided by the private school is "reasonably calculated to enable the child to receive educational benefits."' As a result, since T.H. did not make any progress but regressed, the hearing officer could have placed him. Tuition reimbursement for a denial of FAPE is appropriate if the parent's choice of school can meet the child's needs. Sch. Comm. Of Burlington v. Dep't of Ed., 471 U.S. 359, 368, 105 S. Ct. 85 L. Ed. 2d 385 (1985) During the

hearing the witness from High Road testified to the accommodations that they can provide T.H. High Road testified that they can provide T.H. with all services enumerated in his IEP and that they can provide him with educational benefit and can meet his needs.

During the hearing, the DCPS did not present any evidence to indicate that T.H. made any progress. Although the DCPS claims that T.H. made progress, they could present any documentation to show this so-called progress. However, their own evaluations show the great regression that T.H. has shown over a period of two years. Therefore, DCPS has denied him a FAPE and as such a private school placement is warranted.

## **CONCLUSION**

**WHEREFORE**, the Plaintiffs respectfully request this Honorable Court to grant plaintiff's motion for summary judgment and vacate the Hearing Officer's Decision entered January 16, 2007. In addition, the court should grant the Plaintiff's request for attorneys' fees and costs for this action and the administrative proceedings.

>
> Respectfully Submitted,
> THE LAW OFFICES OF CHRISTOPHER N. ANWAH, PLLC
>
> By:       /s/FatmataBarrie/s/
> Fatmata Barrie, Bar #485122
> LAW OFFICES OF CHRISTOPHER N. ANWAH, PLLC
> 10 R Street, NE
> Washington, D.C. 20002
> Phone: (202) 626-0040
> Fax: (202) 626-0048
> Email: fbarrie@verizon.net

## **CERTIFICATE OF SERVICE**

    I HEREBY certify that copies of the foregoing motion were electronically filed on December 21, 2007, and the court would notify parties using Court's e-file system.

                                                    */s/FatmataBarrie/s/*
                                                     Fatmata Barrie