**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        :
**SHARON HUNTER, et al.,**              :
                                        :
    **PLAINTIFFS,**                     :
                                        :  **Civ. Action No. 07-695(JMF)**
        **v.**                          :
                                        :
**DISTRICT OF COLUMBIA, et al.,**       :
                                        :
        **DEFENDANTS.**                 :
_____


**DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT**
**AND OPPOSITION TO PLAINTIFFS' MOTION FOR**
**SUMMARY JUDGMENT**

Defendants, through counsel, respectfully move this Court to grant summary

judgment in their favor in the above-captioned case.  As established by the administrative

record, the accompanying supporting memorandum and the statement of material facts as

to which there is no genuine dispute, the challenged administrative determinations under

the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20

U.S.C. §1400 et seq., were entirely appropriate.


                        Respectfully submitted,

                        PETER J. NICKLES
                        Interim Attorney General for the
                          District of Columbia

                        GEORGE C. VALENTINE
                        Deputy Attorney General
                        Civil Litigation Division

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**January 31, 2008**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        :
SHARON HUNTER, et al.,                  :
                                        :
         PLAINTIFFS,                    :
                                        :   Civ. Action No. 07-695(JMF)
         v.                             :
                                        :
DISTRICT OF COLUMBIA, et al.,           :
                                        :
         DEFENDANTS.                    :
_____

**STATEMENT OF MATERIAL FACTS AS TO WHICH**
**THERE IS NO GENUINE ISSUE**

1.  Plaintiff T.H. is a 15 year old resident of the District of Columbia.  He was 14 years old when the Complaint was filed.  *Complaint, para. 2; Administrative Record filed herein September 27, 2007 and November 2, 2007 ("AR"), p. 4.*

2.  On April 10, 2006, Plaintiffs filed a request for an administrative due process hearing.  *AR, p. 281.*

3.  A hearing was held on June 9, 2006 and a Hearing Officer's Determination ("HOD") issued on June 19, 2006.  *AR, pp. 206-209.*

4.  The June 19, 2006 HOD ordered the District of Columbia Public Schools ("DCPS") to perform a psycho-educational evaluation by June 30, 2006.  If the evaluation was not timely performed, DCPS was required to fund an independent psycho-educational evaluation.  *AR, p. 208.*

5.  The June 19, 2006 HOD ordered DCPS to convene a multidisciplinary team ("MDT") meeting, review evaluations, and review and revise T.H.'s Individualized Educational Plan ("IEP").  *AR, p. 208.*

6.  DCPS conducted a psycho-educational evaluation on August 30, 2006.  In conducting this evaluation, psychologist Teresa Erby reviewed T.H.'s June 14, 2005 clinical psychological evaluation, a March 2, 2004 psychological evaluation, and an October 31, 2004 educational evaluation.  In addition Ms. Erby administered the Wechsler Abbreviated Scale of Intelligence test ("WASI") and the Wechsler Individual Achievement Test Second Edition ("WIAT-II").  *AR, pp. 218-222.*

7.  The MDT team met on October 23, 2006, to review and revise T.H.'s IEP as needed.  *AR, pp. 167-194.*

8.  During the meeting, Plaintiffs presented the team with an independent psycho-educational evaluation dated September 18, 2006.  *AR, pp. 197-205.*

9.  Since DCPS had already conducted a psycho-educational evaluation, they did not review Plaintiffs' independent evaluation.  *AR, p. 218.*

10.  The MDT team completed T.H.'s IEP on October 25, 2006, which provided T.H. with 25 hours per week of specialized instruction, one hour per week of speech/language instruction, and 30 minutes per week of psychological services.  *AR, p. 179.*

11.  On November 9, 2006 Plaintiffs filed a due process complaint notice for "failure to adhere to a HOD dated June 19, 2006."  *AR, p. 15.*

12.  A hearing was held on January 11, 2007 and a HOD issued January 16, 2007.  *AR, pp. 2-7.*

13.  The hearing officer found that T.H.'s IEP required a combination regular education and special education program.  *AR, p. 7.*

14.  The hearing officer found that neither DCPS' August 31, 2006 psychological re-evaluation nor Plaintiff's September 18, 2006 psycho-education evaluation recommended a full-time special education program.  *AR, p. 7.*

15.  The hearing officer found that T.H.'s current educational placement, Johnson Junior High School ("Johnson"), provided a combination regular education and special education program, and concluded that placement at Johnson was appropriate.  *AR, p. 7.*

16.  The HOD denied Plaintiffs' request for relief and dismissed the complaint with prejudice.  *AR, p. 7.*

13.  Plaintiffs filed the Complaint in the above-captioned case on April 16, 2007.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

*/s/ Veronica A. Porter*
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**January 31, 2008**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

SHARON HUNTER, et al.,

      PLAINTIFFS,

                v.

DISTRICT OF COLUMBIA, et al.,

      DEFENDANTS.

_____

:
:
:
:
:  **Civ. Action No. 07-695(JMF)**
:
:
:
:
:

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**CROSS MOTION FOR SUMMARY JUDGMENT AND**
**OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION AND BACKGROUND**

Plaintiff T.H. is a 15 year old resident of the District of Columbia. He was 14 years old when the Complaint was filed. *Complaint, para. 2; Administrative Record filed herein September 27, 2007 and November 2, 2007 ("AR"), p. 4.* On April 10, 2006, Plaintiffs filed a request for an administrative due process hearing. *AR, p. 281.* A hearing was held on June 9, 2006 and a Hearing Officer's Determination ("HOD") issued on June 19, 2006. *AR, pp. 206-209.*

The June 19, 2006 HOD ordered the District of Columbia Public Schools ("DCPS") to perform a psycho-educational evaluation by June 30, 2006, and to convene a multidisciplinary team ("MDT") meeting, review evaluations, and review and revise T.H.'s Individualized Educational Plan ("IEP"). If the evaluation was not timely performed, DCPS was required to fund an independent psycho-educational evaluation. *AR, p. 208.*

DCPS conducted a psycho-educational evaluation on August 30, 2006. In conducting this evaluation, psychologist Teresa Erby reviewed T.H.'s June 14, 2005 clinical psychological evaluation, a March 2, 2004 psychological evaluation, and an October 31, 2004 educational evaluation. In addition, Ms. Erby administered the Wechsler Abbreviated Scale of Intelligence test ("WASI") and the Wechsler Individual Achievement Test Second Edition ("WIAT-II"). *AR, pp. 218-222.*

The MDT team met on October 23, 2006, to review and revise T.H.'s IEP as needed. *AR, pp. 167-194.* During the meeting, Plaintiffs presented the team with an independent psycho-educational evaluation dated September 18, 2006. *AR, pp. 197-205.* Since DCPS had already conducted a psycho-educational evaluation, they did not review Plaintiffs' independent evaluation. *AR, p. 218.*

The MDT team completed T.H.'s IEP on October 25, 2006, which provided T.H. with 25 hours per week of specialized instruction, one hour per week of speech/language instruction, and 30 minutes per week of psychological services. *AR, p. 179.*

On November 9, 2006, Plaintiffs filed a due process complaint notice for "failure to adhere to a HOD dated June 19, 2006." *AR, p. 15.* A hearing was held on January 11, 2007, and a HOD issued January 16, 2007. The HOD denied Plaintiffs' request for relief and dismissed the complaint with prejudice. *AR, pp. 2-7.*

Plaintiffs filed the Complaint in the above-captioned case on April 16, 2007, seeking reversal of the January 16, 2007, HOD. Plaintiffs' Motion for Summary Judgment ("Motion") appears to include two arguments: (1) There is a rebuttable presumption of harm if a HOD's Orders are not fulfilled. Since the June 19, 2006, HOD ordered DCPS to perform a psycho-educational evaluation or fund an independent

psycho-educational evaluation, and DCPS did not review Plaintiffs' independent psycho-

educational evaluation, DCPS has "harmed" T.H., and the January 16, 2007 HOD should

have so found; and (2) T.H. was denied a free appropriate public education ("FAPE")

because his placement was inappropriate.

## ARGUMENT

### I.    The Standards of Review Applicable in This Case

#### A.    The requirements for summary judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to

summary judgment if "there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C.Cir. 1994).  Although a court should draw

all reasonable inferences from the records submitted by the nonmoving party, the mere

existence of a factual dispute, by itself, is insufficient to bar summary judgment.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To be genuine, the issue

must be supported by sufficiently admissible evidence such that a reasonable trier of fact

could find for the nonmoving party; to be material, the factual assertion must be capable

of affecting the substantive outcome of the litigation.  See id.; see also Laningham v. U.S.

Navy, 813 F.2d 1236, 1242-43 (D.C.Cir. 1987).

In cases such as this, the Individuals with Disabilities Education Improvement Act

of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"), dictates that "the court [ ] shall receive the

records of the administrative proceedings; [ ] shall hear additional evidence at the request

of a party; and [ ] basing its decision on the preponderance of the evidence, shall grant

such relief as the court determines appropriate." 20 U.S.C. §1415(i)(2)(B).  When (as

here) neither party has requested the court to hear additional evidence, the "motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." <u>Heather S. v. Wisconsin</u>, 125 F.3d 1045, 1052 (7th Cir. 1997).

### B.  <u>The criteria for review of administrative decisions under IDEIA</u>

IDEIA provides for judicial review in state or federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing.  20 U.S.C. §1415(i)(2)(A).  In conducting such review, the "preponderance of the evidence" standard of 20 U.S.C. §1415(i)(2)(B)(iii) "is by no means an invitation to the court to substitute their own notions of sound educational policy for those of the school authorities which they review."  <u>Board of Educ. of the Hendrick Hudson Central Sch. Dist. v. Rowley</u>, 458 U.S. 176, 206 (1982).  Stated differently, the court should not "reverse the hearing officer's findings simply because [the court] disagree[s] with them." <u>Board of Educ. of Arlington Heights Sch. Dist. No. 25 v. Illinois State Board of Educ.</u>, 2001 U.S.Dist.LEXIS 6994, *12 (N.D.Ill. March 19, 2001).

The party challenging the hearing officer's determination bears the burden of persuading the court that the hearing officer was incorrect.  <u>Angevine v. Smith</u>, 292 U.S.App.D.C. 346, 959 F.2d 292, 295 (1992); <u>Kerkam v. McKenzie</u>, 274 U.S.App.D.C. 139, 862 F.2d 884, 887 (1988); <u>Lyons v. Smith</u>, 829 F.Supp. 414, 417 (D.D.C. 1993). While the Court is authorized to make an independent determination, "it must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education."  <u>Lyons v. Smith</u>, <u>supra</u>, 829 F.Supp. at 418. As recently expressed in <u>S.H. v. State-Operated</u>

10

School Dist. of the City of Newark, 336 F.3d 260, 269-271 (3d Cir. 2003), a district court reviewing an HOD is "required to defer to the ALJ's factual findings unless it can point to contrary non-testimonial extrinsic evidence on the record". This deference results from Congress' recognition of the "specialized knowledge and experience" required to make complicated educational choices. Rowley, supra, 458 U.S. at 207-08.

Accordingly, before this Court may reverse the hearing officer's decision at issue, Plaintiffs must show by a "preponderance of the evidence," giving the hearing officer's finding "due weight," that the hearing officer was wrong.

## II.  The Hearing Officer's January 16, 2007, Determination must be upheld because Plaintiffs have failed to show a loss of educational opportunity.

Citing Blackman v. District of Columbia, Civil Action No. 97-1629 (D.D.C. August 24, 2006), Plaintiffs argue that there is a rebuttable presumption of harm if a student does not receive timely implementation of a HOD.  In a June 19, 2006 HOD, DCPS was ordered to perform a psycho-educational evaluation no later than June 30, 2006.  If that evaluation was not conducted, DCPS was required to fund an independent psycho-educational evaluation.  Since DCPS did not review Plaintiffs' independent psycho-educational evaluation, Plaintiffs argue, T.H. was harmed, there was a denial of a FAPE, and the January 16, 2007 HOD which failed to reach that conclusion should be reversed. *Motion, pp. 8-10.*  However, Plaintiffs have ignored a body of law which holds that a procedural violation must result in a loss of educational opportunity to be considered a denial of a FAPE.

In Lesesne v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir., 2006), the Circuit Court of Appeals held:

An IDEA claim is viable only if those procedural violations affected the student's *substantive* rights. See, *e.g.,* Kruvant v. District of Columbia, 99 Fed.Appx. 232, 233 (D.C.Cir. 2004) (denying relief under IDEA because "although DCPS admits that it failed to satisfy its responsibility to assess [the student] for IDEA eligibility within 120 days of her parents' request, the [parents] have not shown that any harm resulted from that error"); C.M. v. Bd. of Educ., 128 Fed.Appx. 876, 881 (3d Cir.2005) (per curiam) ("[O]nly those procedural violations of the IDEA which result in loss of educational opportunity or seriously deprive parents of their participation rights are actionable."); M.M. ex rel. D.M. v. Sch. Dist., 303 F.3d 533, 533-34 (4th Cir.2002) ("If a disabled child received (or was offered) a FAPE in spite of a technical violation of the IDEA, the school district has fulfilled its statutory obligations."); W.G. v. Bd. of Trustees, 960 F.2d 1479, 1484 (9th Cir.1992) (rejecting the proposition that procedural flaws " automatically require a finding of a denial of a FAPE"); Thomas v. Cincinnati Bd. of Educ., 918 F.2d 618, 625 (6th Cir.1990) (rejecting an IDEA claim for technical noncompliance with procedural requirements where the alleged violations did not result in a "substantive deprivation" of the student's rights); Burke County Bd. of Educ. v. Denton, 895 F.2d 973, 982 (4th Cir.1990) (refusing to award compensatory education where procedural faults committed by Board did not cause the child to lose any educational opportunity).

Thus, in order to demonstrate a denial of a FAPE, Plaintiffs must show that DCPS' failure review Plaintiffs' independent psycho-educational evaluation caused T.H. to lose an educational opportunity. Not only have Plaintiffs failed to show the loss of educational opportunity, they did not even argue this point before the hearing officer, nor have they included such an argument in their Motion. For that reason alone, Plaintiffs' Motion must be denied. See Holdzclaw v. District of Columbia, Civ. No. 07-0890 (D.D.C., December 5, 2007), memorandum opinion at 6, *citing* Shabazz v. Williams, 2004 WL 3571946 (D.D.C., March 1, 2004), memorandum opinion at 2, ("an allegation not presented to the independent hearing officer at a due process hearing may not be raised for the first time in this Court"). See also Cox v. Jenkins, 878 F.2d 414, 419-20 (D.C.Cir. 1989); Shaw v. District of Columbia, 238 F.Supp.2d 127, 140 (D.D.C. 2002).

Moreover, the record clearly shows that DCPS did not review Plaintiffs' independent psycho-educational evaluation because it had conducted its own evaluation,

albeit untimely. *AR, pp. 218-222.* DCPS' "Confidential Report of Psychological Reevaluation" conducted on August 30, 2006, states that the reevaluation is occurring as a result of a Hearing Officer's Determination. *AR, p. 218.* In conducting this evaluation, psychologist Teresa Erby reviewed T.H.'s June 14, 2005, clinical psychological evaluation, a March 2, 2004, psychological evaluation, and an October 31, 2004, educational evaluation. In addition, Ms. Erby administered the Wechsler Abbreviated Scale of Intelligence test ("WASI") and the Wechsler Individual Achievement Test Second Edition ("WIAT-II"). *AR, pp. 218-222.* Thus, although DCPS did not conduct the psycho-educational evaluation by June 30, 2006, as ordered by the June 19, 2006 HOD, the evaluation was completed prior to the start of the 2006-2007 school year, and its results were utilized in developing the IEP. This procedural error—an untimely completion of the psycho-educational evaluation—does not necessitate a denial of a FAPE. See Lesesne, *supra.*

During the October 23, 2006, MDT/IEP meeting, Plaintiffs presented the team with an independent psycho-educational evaluation conducted on September 18, 2006. *AR, pp. 197-205.* Plaintiffs also request that a clinical psychologist review a clinical psychological evaluation that had been prepared on June 14, 2005. Ms. Erby, who attended the MDT meeting, had already reviewed the evaluation, but Plaintiffs did not believe Ms. Erby, a DCPS school psychologist, was qualified. *AR, p. 167.*

T.H.'s IEP was completed on October 25, 2006, and provided 25 hours per week of specialized instruction, one hour per week of speech/language instruction, and 30 minutes per week of psychological services. *AR, p. 179.*

Plaintiffs have failed to show that DCPS' failure to review the independent psycho-educational evaluation detrimentally impacted T.H.'s educational progress. Accordingly, the January 16, 2007 HOD must be upheld, and Plaintiffs' Motion must be denied.

**III.** **The Hearing Officer's January 16, 2007 Hearing Officer's Determination must be upheld because there was no denial of a FAPE.**

Plaintiffs argue that there was a denial of a FAPE because T.H.'s placement at Johnson Junior High School ("Johnson") was inappropriate. The placement was inappropriate, Plaintiffs contend, because Defendants did not comply with IDEIA administrative procedures, and because T.H.'s IEP provided no educational benefit. *Motion, pp. 10-12.*

**A. DCPS complied with the IDEIA administrative procedures.**

Plaintiffs' assertion that DCPS did not comply with the IDEIA administrative procedures by not reviewing the available evaluations and by completing the IEP without parental input is patently untrue. DCPS reviewed all of the relevant evaluations that were submitted prior to the October 23, 2006 MDT meeting. School psychologist Teresa Erby reviewed a June 14, 2005 clinical psychological evaluation submitted by Plaintiffs (*AR, pp. 168-169, 218),* and two educational evaluations conducted by DCPS. *AR, p. 218.* Ms. Erby utilized these two evaluations to prepare her August 30, 2006 psychological re-evaluation. Plaintiffs did provide a copy of an independent psycho-educational evaluation on October 23, 2006, which DCPS saw for the first time during the MDT meeting. However, DCPS had already reviewed a psychological re-evaluation and factored the recommendations of that evaluation in developing the IEP.

With respect to parental input at the MDT meeting, T.H.'s mother was present and participated in the MDT meeting. Indeed, when T.H.'s mother expressed concern about his walking to school, DCPS agreed to provide transportation for him. *AR, p. 167.*

**B. T.H.'s IEP was appropriate and provided some educational benefit.**

Plaintiffs' argument that the October 25, 2006, IEP is inappropriate because it does not provide an educational benefit is disingenuous. Plaintiffs have requested that this Court issue an Order placing T.H. at High Road School. *Complaint, p. 8.* David Clark, the admissions director for High Road, testified during the hearing that High Road was an appropriate placement for T.H. because the school would be able to implement his October 25, 2006 IEP. *January 11, 2007 Hearing Transcript, pp. 45, 48.* This is the same IEP that Plaintiffs now argue is inappropriate. One wonders why the October 25, 2006, IEP is appropriate if T.H. is placed at High Road, but inappropriate if T.H.'s placement remains at Johnson Junior High School. Moreover, Mr. Clark testified that T.H. would be placed in a full time special education/therapeutic program at High Road. *Hearing Transcript, pp. 48-49.* However, neither the DCPS August 30, 2006, psychological re-evaluation nor Plaintiffs' September 18, 2006 psycho-educational evaluation recommended a full time special education placement for T.H. *AR, pp. 218-222; 197-205.*

T.H.'s October 25, 2006, IEP placed him in a special education setting 82% of the time, and a general education setting 18% of the time. The IEP provides 25 hours per week of specialized instruction, one hour per week of speech-language instruction, and 30 minutes per week of psychological services. *AR, p. 179.* T.H.'s IEP provides the

services recommended in the August 30, 2006 psychological re-evaluation.  *AR, pp. 218-222; 179-190.*

DCPS had complied with IDEIA's administrative procedures, and has developed an appropriate IEP for T.H.  Accordingly, there was no denial of a FAPE, and the January 16, 2007, HOD must be upheld.

## CONCLUSION

Plaintiffs have failed to demonstrate that DCPS' failure to review Plaintiffs' September 18, 2006, independent psycho-educational evaluation had a detrimental effect on T.H.'s educational progress.  In addition, by arguing that High Road is an appropriate placement because it can implement T.H.'s October 25, 2006, IEP, Plaintiffs are conceding that the IEP is appropriate.  Finally, DCPS has complied with IDEIA's administrative procedures.

The amount of deference given to an administrative hearing officer's decision is based in part on whether the findings reached were "thorough and complete." See, e.g., Adams v. State of Oregon, 195 F.3d 1141, 1145 (9th Cir. 1999).  See also S.H. v. State-Operated School Dist. of the City of Newark, 336 F.3d 260, 270 (3d Cir. 2003).  In this case, the administrative findings and conclusions were both thorough and complete, were legally correct, and should be summarily affirmed.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

*/s/ Veronica A. Porter*
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**January 31, 2008**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          :
SHARON HUNTER, et al.,                    :
                                          :
       PLAINTIFFS,                        :
                                          :   Civ. Action No. 07-695(JMF)
            v.                            :
                                          :
DISTRICT OF COLUMBIA, et al.,             :
                                          :
       DEFENDANTS.                        :
_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**STATEMENT OF UNDISPUTED FACTS**

(Paragraph numbers correspond to the paragraph numbers in Plaintiffs' statement of material facts.)

5.  Defendants agree that Plaintiffs obtained an independent psycho-educational evaluation on September 18, 2006.  However, Defendants note that DCPS completed their psychological re-evaluation on August 31, 2006.  *AR, pp. 218-222.*

6.  Plaintiffs have not provided a cite to the Administrative Record to support this allegation.  Moreover, Defendants note that a copy of the independent psycho-educational evaluation was presented to the MDT team during the October 23, 2006 meeting.  *AR, p. 167.*

7.  The cited reference to the Administrative Record does not support the allegation in Plaintiff's paragraph seven.  The Administrative Record is unclear as to when Plaintiffs received a copy of the August 30, 2006 psychological re-evaluation.

8.  The cited references to the Administrative Record to not reflect Plaintiffs' allegation that DCPS denied that T.H. was not making any progress.

10.  DCPS Psychologist Teresa Erby was present at the October 23, 2006 MDT meeting, is qualified to review a clinical psychological evaluation, and had already reviewed Plaintiffs' evaluation.  DCPS did have all of the appropriate parties at the MDT meeting.  *AR, p. 167.*

12.  Plaintiffs have not provided a cited reference to the Administrative Record to support these allegations.

13.  Plaintiffs have not provided a cited reference to the Administrative Record to support these allegations.  Moreover, Defendants note that these allegations are not statements of fact but are Plaintiffs' conclusions of law.  This Court will determine whether Plaintiffs' conclusions have merit.

14.  Plaintiffs have not provided a cited reference to the Administrative Record to support these allegations.

15.  Plaintiffs have not provided a cited reference to the Administrative Record to support these allegations.  Moreover, Defendants note that these allegations are not statements of fact but are Plaintiffs' conclusions of law.  This Court will determine whether Plaintiffs' conclusions have merit.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

/s/ *Veronica A. Porter*
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**January 31, 2008**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                              :
**SHARON HUNTER, et al.,**                    :
                                              :
          **PLAINTIFFS,**                     :
                                              :   **Civ. Action No. 07-695(JMF)**
                  **v.**                      :
                                              :
**DISTRICT OF COLUMBIA, et al.,**             :
                                              :
          **DEFENDANTS.**                     :
_____

## <u>ORDER</u>

On consideration of Defendants' cross motion for summary judgment and

opposition to Plaintiffs' motion for summary judgment, the response thereto and the

record in this proceeding, it is, this _____ day of _____, 2008,

**ORDERED**, That Plaintiffs' motion for summary judgment is DENIED, and the

Defendants' cross motion for summary judgment is GRANTED; it is

**FURTHER ORDERED**, That the January 16, 2007, hearing officer's decision is

affirmed; and it is

**FURTHER ORDERED**, That Plaintiffs' complaint herein is dismissed with

prejudice.


                              _____
                              U.S. DISTRICT COURT JUDGE

21