UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON HUNTER, *et al.*,

      Plaintiffs,

      v.                              Civil Action No. 07-695 (JMF)

DISTRICT OF COLUMBIA, *et al.*,

      Defendants.

MEMORANDUM OPINION

This is an action by the mother of a 14 year old child ("T.H.") who complains that

her son was determined to be in need of special education by the District of Columbia

Public Schools ("DCPS") but has not been provided with the Free Appropriate Public

Education ("FAPE") required by the Individuals with Disabilities in Education Act, 20

U.S.C. § 1415.[1]

The first paragraph of the complaint states:

> This Court has jurisdiction pursuant to 28 U.S.C. § 1331,
> the Individuals with Disabilities in Education Act, 20
> U.S.C. §§1415 et seq., (herein IDEA); the Individuals with
> Disabilities Education Improvement Act of 2004 [IDEA],
> P.L. 108-446; the Rehabilitation Act of 1973 ("Section
> 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331
> and 1343.  Declaratory relief is authorized by 28 U.S.C.
> §§2201 and 2202.

Complaint, ¶ 1.

There is no further reference to 42 U.S.C. § 1983 or to the Rehabilitation Act of

1973 in the complaint.  Additionally, plaintiff has now moved for summary judgment and

---

[1] All references to the United States Code are to the electronic versions that appear in Westlaw or Lexis.

her motion papers do not contain any such references either.  She certainly does not

contend that there is no genuine issue of material fact and that she is entitled to relief as

matter of law under either 42 U.S.C. § 1983 or the Rehabilitation Act.  Understandably,

defendant moves to dismiss claims based on these two statutes for failure to state a claim

upon which relief can be granted.

The judges of this Court have held that an IDEA violation can be the predicate for

a § 1983 claim, but have insisted that plaintiff also show that the District's violation was

persistently egregious and prevented the plaintiff from seeking equitable relief under the

IDEA. Hinson v. Merritt Educ. Ctr., 521 F. Supp. 2d 22, 28 (D.D.C. 2007); Savoy-Kelly

v. E. High Sch., No. 04-CV-1751, 2006 WL 1000346, at *4 (D.D.C. April 14, 2006);

R.S. v. D.C., 292 F. Supp. 2d 23, 28 (D.D.C. 2003); Walker v. D.C., 157 F. Supp. 2d 11,

30 (D.D.C. 2001).[2]

Similarly, while an IDEA violation may serve as the premise of the claim under

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794,[3] a plaintiff must show something

more than a failure to provide FAPE.  Instead, there must be a showing of bad faith or

gross misjudgment. Hinson, 521 F. Supp. 2d at 30 (quoting Walker, 157 F. Supp. 2d at

35-36) (gross departure from accepted standards among educational professionals).

Accord T.T. v. D.C., No. 06-CV-0207, 2007 WL 2111032, at *10 (D.D.C. July 23,

2007).

---

[2] As Judge Kollar-Kotelly noted in Hinson, the Walker case articulated a four part test of sufficiency, requiring 1) a violation, 2) persistently egregious behavior, 3) a custom or practice that is the moving force behind the IDEA violation and 4) IDEA remedies, including compensatory education, that are inadequate. Hinson, 521 F. Supp. 2d at 28.  As the judge noted, some of the judges of this Court only consider whether there was a violation and persistently egregious behavior. Id.

[3] That section provides in pertinent part: "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) [29 USCS § 705(20)] of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . ."  I assume for the sake of my analysis that DCPS receives such assistance.

While the precise contours of the Supreme Court's seminal decision in Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), are still in the process of being defined, it is clear that mere references to statutes in a complaint without any allegations as to how these statutes were violated cannot meet even Rule 8's liberal requirement of "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court stated that, while a complaint need not contain detailed factual allegations, "a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." 127 S. Ct. at 1964-65 (internal citations omitted). The Court then went on to explain that Rule 8 "requires a 'showing,' rather than a blanket assertion of entitlement to relief." Id. at 1965 n.3.

By that standard, references to statutes with nothing more cannot possibly state a claim upon which relief can be granted. Since plaintiff does not articulate any facts whatsoever supporting her claims under 42 U.S.C. § 1983 and the Rehabilitation Act, those claims must be dismissed for failure to state a claim upon which relief can be granted.

An order accompanies this Memorandum Opinion.


_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:  February 13, 2008